UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BOOKER T. HARDWELL | CIVIL ACTION NO. 3:10-cv-0484 |
| VS. | SECTION P |
| MONROE CITY POLICE DEPT., ET AL. | JUDGE DONALD E. WALTER |
| | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Booker T. Hardwell, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 17, 2010. Plaintiff is a detainee in the custody of the Ouachita Parish Sheriff; he is incarcerated at the Ouachita Parish Correctional Center, Monroe, Louisiana where he is awaiting trial on charges of armed robbery, resisting an officer by flight, resisting an officer, simple battery on a police officer, and simple assault on a police officer.[1] Plaintiff complains that he was the victim of excessive force when he was arrested by officers of the Monroe City Police Department (MPD) on December 5, 2008.  He sued Detective Benjamin Baw of the MPD, the MPD itself, Ouachita Parish, and the State of Louisiana. He prayed for an unspecified amount of monetary damages, the dismissal of all charges, the issuance of a temporary restraining order of unspecified content, and the appointment of counsel. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted. It is further ordered that plaintiff's request for TRO

---

[1] See Ouachita Parish Sheriff's Office web site at http://www.cela.com/

and the appointment of counsel be **DENIED.**

*Background*

Plaintiff was arrested on December 5, 2008, by officers of the MPD. According to plaintiff, on that date while walking in the area of Rogers Street in Monroe, MPD officers commanded him to stop.  According to plaintiff, he complied with the command and then questioned officers as to the reason for the detention. The officers responded with profanity and placed plaintiff in restraints. Once he was restrained, plaintiff was shocked with a Tazer for a period of time, then physically slammed onto the hood of the police car and then beaten about the ribs. When plaintiff complained of heart pain, an ambulance was summoned and plaintiff was taken to a nearby hospital where he was treated for a period of three days.  Thereafter, he was booked into the Ouachita Parish Jail on charges of armed robbery, resisting an officer, battery on an officer, and assault on an officer.[2]

According to plaintiff, this use of force was excessive and resulted in permanent damage to his heart.

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali*

---

[2] See the Affidavit of Probable Cause and Facts of Arrest available on-line at
http://www.cela.com/AffView.aspx?ImgBookAff=GSImages/08-3063496.png,
According to the affidavit, plaintiff was a suspect in an armed robbery; he fled when officers approached him and then physically resisted arrest before he was eventually subdued.

2

*v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown)*

3

*Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, while concise, is clear – he seeks damages for an incident that occurred in December 2008.  As is shown below, the facts alleged thus far clearly warrant dismissal of the complaint as untimely.  Further amendment would serve no purpose.

### *2. Limitations*

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues.  *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).  However, the date of accrual for a §1983 claim is a question of federal law.  *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim.  See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claims – that he was the victim of excessive force – accrued on December 5, 2008.

On that date plaintiff had knowledge of all the facts necessary to know that his rights were violated.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Plaintiff's complaint was filed in March 2010, clearly  beyond  the  1-year period of limitations, and therefore is subject to being dismissed as frivolous.

### *3. Equitable Tolling*

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998).  However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law does not justify equitable tolling. See  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. See *Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness);  *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights")

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling.  See *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of

equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

### 4. Habeas Corpus

In addition to requesting compensatory damages, plaintiff requested the dismissal of the pending charges. Dismissal of all pending charges would result in plaintiff's immediate release from custody and such relief if simply not available in a civil rights action filed pursuant to 42 U.S.C. §1983. Plaintiff must utilize *habeas corpus* proceedings if he is challenging the <u>fact or duration of his confinement</u>. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); see also *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).  To the extent that he seeks the dismissal of all charges in this civil rights proceeding, he fails to state a claim for which relief is available.

Further, to be entitled to *habeas corpus* relief, plaintiff must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. §2241, 28 U.S.C. §2254. Nothing of record suggests that his present custody violates the Constitution, laws or treaties of the United States.

### 5. Temporary Restraining Order

Plaintiff has requested injunctive relief in the form of a Temporary Restraining Order, although his pleadings do not specify the exact nature of the relief he seeks. Plaintiff did not specify

the nature of the relief sought – he does not state the acts or acts he wants restrained.  Pursuant to FRCP Rule 65 every injunction or restraining order must "... state its terms specifically..." and, "describe in reasonable detail ... the act or acts restrained or required..." Since plaintiff's motion does not provide that information, he is clearly not entitled to injunctive relief.

### *6. Appointment of Counsel*

Plaintiff has also requested appointment of counsel. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983.  "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985).

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989).  No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:  the type and complexity of the case; the

7

plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has not demonstrated any of the circumstances that would warrant the appointment of counsel.

### Orders and Recommendation

Plaintiff's requests for the appointment of counsel and for a TRO are **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint (42 U.S.C. §1983) seeking damages and injunctive relief be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed**

8

legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, June 30, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE